IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVARIUS JERMAINE MCCORD,<br><br>    Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant.                        / | No. C 07-05217 CRB<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD BE STAYED** |

Now pending before the Court is the petition for writ of habeas corpus of Lavarius Jermaine McCord. Petitioner has filed a writ of habeas with the California Supreme Court "on grounds that constitutional errors were not addressed in his appeals before the First Appellate Division or the California Supreme Court." He asks this Court to stay its review of this writ until the California Supreme Court has ruled.

A district court may stay mixed habeas petitions (those with exhausted and unexhausted claims) to allow the petitioner to exhaust in state court. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). A district court does not have discretion to stay a petition containing only unexhausted claims, however, even where the record shows that there were exhausted claims that could have been included. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging

petitioners to seek relief in the state courts before filing their claims in federal court. <u>Rhines</u>, 544 U.S. at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. <u>Id.</u>

    Petitioner has not identified which claims in his petition are exhausted, if any, and which are not. Nor has he explained why the unexhausted claims were not exhausted. He also has not shown that the unexhausted claims have any merit. Accordingly, the Court cannot find that petitioner has shown good cause for a stay.

    Petitioner is therefore ordered to show cause why this petition for habeas corpus should be staying pending the California Supreme Court's ruling on petitioner's state petition. Petitioner shall file his response within 30 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 26, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE