Ivy McCray, SBN 245927
Law Offices of Ivy McCray
829 - 61st Street
Oakland, CA 94608
Tel: 510-653-4900
Fax: 510-450-0891

Attorney for Petitioner
Lavarius J. McCord

UNITED STATES FEDERAL COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lavarius McCord<br><br>v.<br><br>Warden of Calipatria, State Prison,<br><br>State of California | Case No. C07-5217 CRB<br><br>APPLICATION FOR STAY AND ABEYANCE OF FEDERAL HABEAS CORPUS WRIT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STAY and ABEYANCE OF THE HABEAS CORPUS PETITION |

1.    Petitioner Lavarius J. McCord requests that this Court stay and abey proceedings regarding the habeas corpus writ filed in this Court pending the final review of unexhausted claims before the Supreme Court of California in the case of Lavarius J. McCord v. Warden of Calipatria State Prison, Action No. S154343.

2.    The claims in the habeas corpus writ before this Court are identical, as are the parties to the habeas writ pending in the state court. It was necessary for petitioner to file a writ of habeas corpus with California's highest court to exhaust all claims that violated his right to a fair trial. It was apparent after review of the transcripts, the court records, and investigation, that other claims involving constitutional error existed. If petitioner did not take steps to exhaust all state remedies, this Court would be compelled to deny review of

his federal habeas petition.

3. Due to the pending state writ, this Court is abstained from reviewing petitioner's claims in the interest of comity between the courts. The state court has the first right to determine the merits of a habeas claim before it is raised before the federal court to review the alleged constitutional violation.

4. Therefore, it is necessary for this Court to stay its proceedings to avoid conflict in rulings between the courts. It is also judicial economy to prevent a federal review of claims that the state court is also reviewing independently.

5. If this Court denies a stay and abeyance of petitioner's habeas corpus writ, petitioner will be precluded in the future of a neutral forum reviewing any constitutional errors in his trial. Petitioner will be prejudiced by the dismissal of his federal writ because he has no statutory time to return to the federal court.

## MEMORANDUM AND POINTS AND AUTHORITIES

**A. STAY IS NECESSARY IN ORDER TO ALLOW THE EXHAUSTION OF PETITIONER'S CLAIMS IN THE STATE'S HIGHEST COURT**

6. Petitioner is required to exhaust all his claims with California's highest court before filing a federal habeas petition, even if that court's review is discretionary according to <u>Haggins v. Yardborough</u>, 127 S. Ct. 231. Exhaustion requirement serves to minimize friction between federal and state systems of justice by allowing state an initial opportunity to pass upon and correct alleged violations of prisoner's federal rights per <u>Hudson v. Rashen</u> 686 F.2d 826, certiorari denied 103 S.Ct. 1896, 461 U.S. 916.

7. State courts must have the first opportunity to review any claim of a petition and correct the error before a petitioner can seek federal habeas review of that claim as stated in <u>Vang v. Nevada</u>, 329 F.3d 1069. Exhaustion doctrine seeks to afford state courts a meaningful opportunity to consider allegations of legal error without interference from federal judiciary per 28 U.S.C.A. 2254 (b), cited in <u>Vasquez v. Hillery</u> 106 S.Ct. 617, 474 U.S. 254.

8.  Petitioner, as stated above, identified additional constitutional errors that occurred at this trial in July 2004.  Though petitioner had a court appointed appellate lawyer, they did not raise the claims now pending before the California Supreme Court.  These claims are in addition to the issues raised in petitioner's appeals before the state courts.

9.  Petitioner believes there were serious constitutional errors in his trial that were deciding factors to his conviction.  These claims have merit but cannot be reviewed by the federal court until he placed them before the highest state court.  While these claims are pending, the federal court has discretion to stay a federal habeas corpus writ containing such unexhausted claims.

**B.  THE FEDERAL HAS THE DISCRETION TO ALLOW AMENDMENT OF THE PRESENT WRIT AFTER THE STATE COURT'S DECISION**

10.  A federal court can in its discretion allow petitioner to amend a mixed habeas corpus petition by deleting the unexhausted claims, hold the exhausted claims in abeyance until the unexhausted claims are exhausted, and then allow petitioner to amend the stayed petition to add the now exhausted claims as indicated in Rose v Lundy (1982) 455 US 509, 102 S. Ct. 1198.

11.  However, to dismiss the unexhausted claims will be detrimental to petitioner.  Petitioner has no time remaining to resubmit his federal writ.  When the state court writ is decided, the amended federal writ will need to be filed immediately.  The chance of missing the filing date is critical.  Therefore it is crucial the federal writ be stayed until the California Supreme Court rules.  A stay and abeyance will allow petitioner's federal writ to remain in suspension and on the day the California Supreme Court enters its final decision on the state writ, the federal writ will be considered filed and ready to proceed in this Court.

**C.  THE FEDERAL COURT HAS THE DISCRETION TO HOLD A MIXED PETITION IN ABEYANCE THE PENDING PETITIONER'S STATE COURT REVIEW OF UNEXHAUSTED CLAIMS**

12.  Modernly, the federal court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow petitioner to present his

unexhausted claims to the state court in the first instance, and them to return to the federal court, after the state courts deliberation, per <u>Rhines v. Weber</u>, 544 US 269,125 S.Ct. 1528.

13.   <u>Rhines</u> articulates the criteria necessary for the federal court to consider when granting a stay. First, whether the unexhausted claims are meritless, and second, whether there is good cause as to why the claims were not exhausted.

14.   a. Petitioner's unexhausted claims are meritorious in that they go to the heart of the prosecution's case against him. Without repeating the writ presently awaiting before the Court, the trial's tenor and manner violated petitioner's Sixth, Fifth, and Fourteenth Amendment rights. Petitioner has alleged facts which, if proven, would entitle to him to relief. Petitioner did not receive a full and fair hearing in the state court, because there was lack of diligence in his defense of the charges.

15.   b. Good cause exists in the federal court's review of petitioner's writ regarding his conviction because the constitutional errors committed by the prosecution by using perjured testimony, introduction of evidence and testimony that was misleading and false; closing argument that challenged his right to remain silent and burden of production, are claims worthy to prevent the softening of constitutional protection in the courts for all defendants.

16.   c. The delay in presenting the claims to the state court is supported by good cause. In this case, petitioner relied on appellate counsel to raise all appealable issues. Though counsel did raise challenges to the kidnap charges, the extraordinary sentence, and denial of jury instruction, a harder scrutiny may have revealed the claims that petitioner now raises.

17.   Appellate counsel had the discretion of raising ineffective assistance of counsel but perhaps through constraints of his appointment could not do so. Petitioner was dependent and relied exclusively on appellate counsel. Though petitioner was aware of his one year limitation, he was only aware of a limited number of claims to raise and was not financially able to secure an attorney. But after months of deliberation, petitioner's parents decided after additional income became apparent that retaining a private attorney to write a federal

1  writ was feasible, but to find one willing was difficult, and then there were only three months
2  left to the statute of limitation.
3  18.    The trial covered several days and the record was substantial.  The files of the trial
4  counsel was unorganized all of which was time consuming to organize, digest, visualize,
5  research the various problems with case, trial, and investigate off the record.  There were
6  many factors, components in the trial that appear unfair and each had to be researched to
7  determine if supported by case law.
8  19.    Petitioner was not able to prepare his own writ, and only through considerable
9  pressure upon his parents was he able to get them to agree to file this writ for his release.
10 In essence the delay was due to a combination of reliance on his appeals, lack of funds,
11 and hesitancy of his parents.
12 20.    Petitioner requests a stay and abeyance of the habeas corpus writ which was filed
13 with this Court for the foregoing reasons.  If a stay is not granted, petitioner's chances of
14 being heard in this Court may be curtailed.

Respectfully submitted

Dated:                                            LAW OFFICES OF IVY McCRAY


                                                  _____
                                                  Ivy McCray , Attorney for Petitioner
                                                  Lavarius J. McCord