1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  JULIET B. HALEY
   Deputy Attorney General
5  JOAN KILLEEN
   Deputy Attorney General
6  State Bar No. 111679
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-3664
    Telephone: (415) 703-5968
8   Fax: (415) 703-1234
    Email: Joan.Killeen@doj.ca.gov
9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **LAVARIUS JERMAINE McCORD,** | C 07-5217 CRB |
| Petitioner, | |
| v. | |
| **WARDEN OF CALIPATRIA STATE PRISON,** | |
| Respondent. | |

**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES**

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
JULIET B. HALEY
Deputy Attorney General
JOAN KILLEEN
Deputy Attorney General
State Bar No. 111679
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-3664
  Telephone: (415) 703-5968
  Fax: (415) 703-1234
  Email: Joan.Killeen@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **LAVARIUS JERMAINE McCORD,** <br><br> Petitioner, <br><br> v. <br><br> **WARDEN OF CALIPATRIA STATE PRISON,** <br><br> Respondent. | C 07-5217 CRB <br><br> **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE REMEDIES** |

TO PETITIONER IN THE ABOVE-ENTITLED MATTER:

    PLEASE TAKE NOTICE that respondent moves for an order dismissing the petition for writ of habeas corpus, filed on October 11, 2007, for failure to exhaust state remedies.

    A review of the record shows that petitioner failed to exhaust his state court remedies with respect to each of the claims raised in his petition. Accordingly, respondent moves to dismiss the petition.

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.  Procedural Background**

    On October 17, 2003, the Contra Costa County District Attorney charged petitioner with two counts of forcible rape, and one count each of forcible sexual penetration, kidnapping, and

Respondent's Notice Of Motion And Motion To Dismiss For Failure To Exhaust State Remedies - C 07-5217 CRB.

1

second degree robbery. The information further alleged that the victim was blind and that petitioner knew or reasonably should have known of the disability, and that in the commission of the offenses, petitioner kidnapped the victim, thereby substantially increasing the risk of harm over and above the risk inherent in the underlying offenses. Cal. Penal Code §§ 207(a), 211/212.5(c), 261(a)(2), 289(a)(1), 667.9(a), 667.61(a)&(d). On July 14, 2004, a jury found petitioner guilty of two counts of forcible rape, forcible sexual penetration, kidnapping, and the lesser included offense of grand theft. The jury also found the special allegations to be true. On October 6, 2004, the trial court sentenced petitioner to 26 years to life in state prison. *See* Exh. B at 1, Exh. D at 1-2.

Petitioner appealed his convictions. Exhs. A, C. On April 27, 2006, the California Court of Appeal affirmed the judgment. Exh. D. On July 12, 2006, the California Supreme Court denied review. Exh. F.

On or about July 12, 2007, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Exh. G. The state supreme court denied the petition on January 3, 2008. Exh. H.

On October 11, 2007, petitioner filed a petition for writ of habeas corpus in this Court. On February 11, 2008, the Court issued an Order to Show Cause.

**B.    The Petition Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies**

For reasons of comity, a state prisoner must first exhaust his constitutional claims in state court before seeking habeas relief in the federal courts. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). In order to exhaust a claim, the defendant must "fairly present" the specific factual and legal bases for each claim to the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). This requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review to the state supreme court if that is the state's practice. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, presenting a claim only to the California Court of Appeal is insufficient to exhaust; it must be presented to the California Supreme Court. *James v. Giles*, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999); *Larche v. Simon*, 53 F.3d 1068, 1071-1072 (9th Cir. 1994).

1        As the record shows, petitioner has not exhausted all of the claims he now raises in his federal petition for writ of habeas corpus. On direct appeal, petitioner raised six claims: (1) the trial court failed to instruct on the defense of reasonable good faith belief in consent; (2) the trial court failed to fully instruct on the one strike enhancement under Cal. Penal Code § 667.61; (3) there was insufficient evidence to support the one strike enhancement; (4) petitioner's sentence constituted cruel and unusual punishment; (5) there was insufficient evidence to support his conviction of forcible sexual penetration; and (6) cumulative error. Exh. A. In his petition for review, petitioner raised two claims: (1) the court of appeal erroneously concluded there was insufficient evidence to instruct on the defense of reasonable good faith belief in consent; and (2) his sentence constituted cruel and unusual punishment. Exh. E.

        In his state habeas corpus petition, petitioner raised five new claims: (1) the trial court's denial of petitioner's motion under *People v. Marsden*, 2 Cal.3d 118 (1970), violated his right to the effective assistance of counsel; (2) petitioner was denied the effective assistance of counsel by counsel's failure to adequately defend against the charges; (3) petitioner's right to a fair trial was violated by the trial court's ruling that a nurse could testify as an expert in SART examinations and by the admission of her hearsay testimony; (4) the prosecutor committed misconduct by arguing there was no evidence of consent; and (5) the prosecutor presented false and misleading evidence to the jury and failed to reveal exculpatory evidence. Exh. G.

        In his federal habeas corpus petition, petitioner raises the same five claims he raised in his state habeas petition. *See* Exh. G. However, he adds three additional claims: (1) the trial court's instructions under Cal. Penal Code § 667.61 "were erroneous and void"; (2) "ineffective assistance of counsel/incompetence of counsel"; and (3) "denial of 1538.5 & 995 motions." Pet. at 24a. The first claim was raised in the court of appeal on petitioner's direct appeal of his conviction, but it was never raised in the state supreme court, either on direct review or in his habeas corpus petition. The second claim states an additional ineffective assistance of counsel claim, but fails to state any grounds. The third claim alleges the apparently erroneous denial of pretrial motions, but again fails to state any grounds. Neither the second nor the third claim was raised in the state supreme court, either on direct appeal or in the petition for writ of habeas corpus. Accordingly, of the eight claims

1 petitioner has presented in his federal habeas petition, three remain unexhausted.[1]

2 Because petitioner has failed to exhaust all of his claims in the state's highest court, his petition for writ of habeas corpus should be dismissed. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. at 518-519.

## CONCLUSION

For the reasons stated, respondent respectfully requests that the petition for writ of habeas corpus be dismissed for failure to exhaust state remedies.

Dated: April 9, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

JULIET B. HALEY
Deputy Attorney General


/s/ Joan Killeen
JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

JK/jk/lls
SF2008400529
40239470.wpd

---

1. When petitioner first filed his federal petition on October 11, 2007, all eight of the claims were unexhausted. His pending state court petition for writ of habeas corpus was not denied until January 3, 2008. Exh. H.

Respondent's Notice Of Motion And Motion To Dismiss For Failure To Exhaust State Remedies - C 07-5217 CRB.
4