Ivy McCray, SBN 245927
Law Offices of Ivy McCray
829 - 61st Street
Oakland, CA 94608
Tel: 510-653-4900
Fax: 510-450-0891

Attorney for Petitioner
Lavarius J. McCord

UNITED STATES FEDERAL COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lavarius McCord<br><br>v.<br><br>Warden of Calipatria, State Prison,<br><br>State of California | **Case No. C07-5217 CRB**<br><br>**PETITIONER S MEMORANDUM IN OPPOSITION TO STATE S MOTION TO DISMISS FOR FAILURE TO EXHAUST CLAIMS** |

**INTRODUCTION**

1. Petitioner, Lavarius J. McCord, filed a habeas corpus petition on October 11, 2007, in the above Court and requested a stay of his federal writ while exhausting claims before the California Supreme Court. After the state court s denial of these claims, Petitioner requested the stay to be lifted and federal review of his petition to proceed. The Court then ordered the State to answer the petition.

2. Instead, the State filed a motion to dismiss the petition based on failure to exhaust all claims in the state court that are presently in the federal petition. They allege Petitioner failed to exhaust three claims now before the federal court that are on an inserted page: The statements are:

1. Instructions given to jury pursuant to P.C. 667.61(a)(d)(2) were erroneous and void;

2. Ineffective Assistance of Counsel/Incompetence of Counsel; and

3. Denial of Pre-Trial Motions 1538.5 and 995 motions.

## CLAIM ONE

### Jury Instruction

**The claim presented to the federal court need not be identical to the claim passed on by the state courts, but must fairly present the substance of the federal claim to the state courts. The issue is whether the state courts had a fair opportunity to consider the alleged federal violation   Picard v. Connor, 404 U.S. 270.**

3. The State asserts the jury instruction regarding enhancement of Petitioner s sentence was raised on direct appeal but not put before the California Supreme Court. Petitioner disagrees. Exhibit A contains the argument of the jury instruction by appellant counsel as a violation of the 8th Amendment of the U.S. Constitution using the same facts of the case and similar arguments put forth in the first appeal in the state court.[1]

4. Petitioner has stated in his own words that he believes the instruction was  erroneous and void . Perhaps not best choice of legal words, but words used to state that the one strike law should not have been given in his case and was void considering the facts per his analysis  This sentiment is not inconsistent with appellant counsel s arguments regarding the same instruction.   In appellant counsel s language, the instruction for a one strike sentence was wrong because it evoked cruel and unusual punishment.

---

[1] Exhibit B shows the caption page and list of arguments of appellant counsel.  Most of the arguments centercenter around thicenter around this particucenter around this particular jury instruction as applied to petitioner appendices or exhibits of State and Petitioner in previous filings.

Whatever way you wish to discuss the jury instruction for this penal code, it will always center on whether the enhancement was correctly applied, and if it is just for the offense committed, or applicable to the case.

     5. Petitioner believes this claim has been exhausted by all available state remedies because it has been argued on direct appeal and raised as a constitutional violation in the California State Supreme Court. The insertion of Petitioner's statement of discontent with the jury instruction that embodies a law that enhanced his sentence to a life term should not dismiss his entire federal writ. The intent of Petitioner's statement is not outside the realm of his appellant lawyer's arguments. If the court finds appellant's arguments and the personal words of Petitioner are incongruent, Petitioner requests a leave to amend the writ pursuant to Federal Rule of Civil Procedure (FRCP) 15 in order that the claim be stricken from the brief.

     6. The State asserts <u>Rose v. Lundy</u>, 455U.S. 509, as the absolute rule to mixed petitions, in that, the Court must dismiss the entire petition. However the intent of <u>Rose</u> was to serve as remedy, to prevent forfeiture of unexhausted claims, which the petitioner may wish considered by the federal court, who is limited to hear only claims that are fully reviewed by the highest state courts.

     7. Subsequent to <u>Rose</u>, the one year limitation imposed by AEDPA on petitioners to file claims in federal could result in the loss all claims    including those already exhausted. Many district courts have adopted a policy to: 1) dismiss any unexhausted claims, 2) stay the remaining pending exhaustion of the dismissed unexhausted claims, 3)

1  allow amendment of the original petition to add the newly exhausted claims, which then
2  relate back to the original filed petition, or striking the unexhausted claims.  <u>Calderon v.</u>
3  <u>U.S. District Court for N.D. Cal</u>., 134 F.3d 981.
4
5      8.  Also 28 U.S.C.A. 2254 (b) (1) (A) (ii) states if the there are circumstances that
6  exist that render such process ineffective to protect the right of the applicant, the claim is
7  excused from exhaustion.  Petitioner is under the belief a return to the state court to
8  exhaust this claim is futile and thus leave to amend to strike the claim is the best measure
9  if the Court deems it has not been exhausted.
10

**CLAIM TWO**

**Ineffective Assistance of Counsel/Incompetence of Counsel**

**Petitioner Repetitive Statement of Ineffective Assistance of Counsel Has Been Exhausted in the State Court and Is Addressed in the Writ in Which it Is Attached.**

 9.  This claim is a repetitive statement that the Petitioner wanted addressed, even though it was discussed in the writ.  The inserted page was to accommodate the wishes of the petitioner who was wanted certain claims addressed in the federal writ.[2]   The State asserts because there are no facts underlying the claim, the lack of such should cause dismissal of the entire writ.   Does there need to be?  Several instances have been stated around this claim.

 10. Certainly, there are several other instances that could have been referenced. The absence of facts supportive of these handwritten words of petitioner should not defeat

---

[2] However, atHowever, at time of filing there was confusion as to the MC275 form orHowever, at time of filing t Counsel chose the brief, knowing the form was not appropriate, but inserted th Counsel chose the brief, knowin petitioner s wish, and to conform to the clerks s statement that generally the form is filed. was to be filed

the petition when the statement is basically reasserting the various occurrences of ineffective assistance of counsel cited in the larger document. The basis of the State's argument is that the statement is an unexhausted claim because the state court did not read this very sentence. This has no substance.

11. Petitioner believes this claim has been exhausted and the dismissal of the entire writ should be rejected by the Court. If the Court deems it proper, then Petitioner requests leave to amend the petition to strike these words as stated on the inserted sheet.

## CLAIM THREE

**Denial of Pre-trial Motions 1539., and 99.5 Have Been Exhausted in a Procedurally Defaulted Manner**

12. These pretrial motions are procedurally defaulted from review by the state courts as well as by a federal court. Counsel for Petitioner was aware that the claim would not survive federal review but deferred to Petitioner's concern for claims which he felt strongly.[3] However, it was not anticipated that Petitioner's entire writ would be subject to dismissal.

13. Nonetheless, these claims are exhausted by default, because trial counsel did not seek a writ of mandate pursuant to California Penal Code (P.C.) section 999a within 15 days of the order denying the P.C. 995 motion; or seek a writ of mandate for the denial of petitioner's motion based on California Penal Code section 1538. 5 within 30 days after the state court's denial.

---

[3] Exhibit C is a letter from Petitioner to Counsel.

14. Nor did trial counsel renew these motions before the trial court, thus making this claim regarding pretrial motions technically exhausted because they became procedurally barred from review on any state appellate level.

15. As well, the pretrial motions are outside the realm of review by the federal court per Stone V. Powell, 428 U.S. 465, 96 S.Ct. 3037 that bars review of these motions based on the exclusionary rule. The forfeiture of this claim on constitutional levels may be seen as another instance of ineffective assistance of counsel. Since this claim is technically exhausted and barred from review, it cannot support a dismissal of petitioners entire petition.

16. The statute requiring exhaustion in the state court is predicated on giving the state the opportunity to correct any alleged violations of the prisoner s federal rights, Duncan v. Henry,  519 U.S. 364.  Apparently this cannot occur for this claim.  Therefore, petitioner s writ should not be dismissed on the premise that this claim is an unexhausted claims because it was never reviewed by a state court.

17. Petitioner requests the Court to reject the State s argument and use its discretionary powers to allow amendment to dismiss the claim and proceed with those that are ripe for review.

## CONCLUSION

18. The Court has discretion to allow Petitioner leave to amend the petition per FRCP (15), during the course of any proceeding consistent with Habeas Corpus Rules and as discussed in Mayle v. Felix, 545 U.S. 644.  The amendment may relate back to the time

of filing of the writ.  However, a new claim that is not of the same transaction or occurrence may not be included after the filing deadline of AEDPA has expired unless the original claims and new claims are based on a  common core  of operative facts, <u>Mayle v. Felix</u>. Petitioner s time for filing a federal writ has expired and he is <u>not</u> seeking to add new claims, but to avoid dismissal of his federal writ which will forever exclude review of the constitutional violations he asserts in his other claims.

      19.  Petitioner requests leave to amend to strike the claims on the inserted page that are being classified as unexhausted by the State, if the Court so agrees.  Petitioner does request the Court to consider Claim One regarding the jury instruction as exhausted. Petitioner believes amendment to the writ can be accomplished in one day  simply striking the claims--while staying the other exhausted claims.  This should not cause any prejudice to the State in its responsive answer to the petitioner s writ on the other claims. Respectfully submitted.

DATED:        May 12, 2008              Law Offices of Ivy McCray

                                                 /S/

                                        _____

Ivy McCray, Attorney for Petitioner
Lavarius J. McCord