# EXHIBIT A

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

**THE PEOPLE OF THE STATE OF CALIFORNIA,**

           Plaintiff and Respondent,

v.

**LAVARIUS JERMAINE McCORD,**

           Defendant and Appellant.

No._____

Contra Costa County Superior Court, Case Number 050320283
HONORABLE HARLAN G. GROSSMAN, JUDGE

Court of Appeal Number A108457

**APPELLANT'S PETITION FOR REVIEW**

FOLLOWING THE UNPUBLISHED DECISION OF THE
COURT OF APPEAL, FIRST APPELLATE DISTRICT, DIVISION FIVE,
AFFIRMING THE CONVICTION

H. STANLEY DEWEY
Attorney at Law
State Bar Number 107619

3150 Hilltop Mall Road
Richmond, California 94806
Telephone: (510) 970-7616

Attorney for Appellant
LAVARIUS JERMAINE McCORD

By Appointment of the Court of
Appeal Under the First
District Appellate Project's
Independent Case System

## TOPICAL INDEX

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PETITION FOR REVIEW | 1 |
| NECESSITY FOR REVIEW | 2 |
| STATEMENT OF THE CASE | 3 |
| STATEMENT OF FACTS | 5 |
| ARGUMENTS OF LAW | |
| I. THE COURT OF APPEAL MISAPPLIED THE STANDARD FOR DETERMINING IF THERE WAS SUFFICIENT EVIDENCE TO WARRANT APPELLANT S REQUESTED INSTRUCTIONS ON HIS DEFENSE OF REASONABLE GOOD FAITH BELIEF IN CONSENT, THUS FAILING TO PROTECT APPELLANT S CONSTITUTIONAL RIGHTS TO DUE PROCESS | 12 |
| II. THIS COURT SHOULD OVERRULE THE COURT OF APPEAL AND FIND THAT APPELLANT S 25-YEARS-TO-LIFE SENTENCE UNDER THE ONE STRIKE SENTENCING SCHEME VIOLATES FEDERAL AND STATE CONSTITUTIONAL PROHIBITIONS AGAINST CRUEL AND/OR UNUSUAL PUNISHMENT | 21 |
| CONCLUSION | 25 |

## II. THIS COURT SHOULD OVERRULE THE COURT OF APPEAL AND FIND THAT APPELLANT S 25-YEARS-TO-LIFE SENTENCE UNDER THE ONE STRIKE SENTENCING SCHEME VIOLATES FEDERAL AND STATE CONSTITUTIONAL PROHIBITIONS AGAINST CRUEL AND/OR UNUSUAL PUNISHMENT

Relying on *People v. Estrada* (1997) 57 Cal.App.4th 1270, 1277-1283, and *People v. Alvarado* (2001) 87 Cal.App.4th 178, 199-201, Division Five of the First District Court of Appeal rejected appellant s contention that the section 667.61 one strike sentence of 25-years-to-life imposed on him violates the constitutional prohibitions against cruel and unusual punishment both on its face and as imposed on appellant. (*Slip Opn.,* pp. 15-18.) This court should instruct the Courts of Appeal how to correctly apply the cruel and unusual standards and should hold appellant s sentence to be violative of these standards.

Under federal law, a punishment is excessive in violation of the Eighth Amendment if it is "grossly out of proportion to the severity of the crime." (*Gregg v. Georgia* (1976) 428 U.S. 153, 173; *Harmelin v. Michigan* (1991) 501 U.S. 957, 1001.) Appellant received a total sentence of 26-years-to-life imprisonment; 25 years of this draconian sentence resulted from the application of section 667.61. At sentencing, appellant moved to modify the verdict on the basis that the sentence mandated by section 667.61 violated the state and federal prohibitions against cruel and unusual punishment. (CT 527-533; RT 993ff.)

Article I, section 17 of the California Constitution separately and independently sets out a prohibition similar to the Eighth Amendment. (*People v. Dillon* (1983) 34 Cal.3d 441, 478.) Under California law, analysis of whether a sentence imposes cruel or unusual punishment begins with a recognition that "in our tripartite system of government it is the function of the legislative branch to define crimes and prescribe punishments, and that such questions are in the first instance for the judgment of the Legislature alone." (*In re Lynch* (1972) 8 Cal.3d 410, 414; citations omitted.) Although the Legislature is accorded "the broadest discretion possible in enacting penal statutes and in specifying punishment

-21-

with the network of support he has, was a changed young man. Also speaking for appellant was a chaplain from the San Francisco Sheriff s Department who attested to the resources that he would help apply to assisting appellant s way back into society. (RT 989-992.)

Appellant wrote a letter to the court before his sentencing in which he asked for the court s mercy, saying he had matured during his time in custody and no longer did the same thing that criminals do. He acknowledged making a lot of mistakes in his life. He said that he had evaluated his former lifestyle and used the time in jail to better himself. (CT 523-525.) The court acknowledged that the letter expressed appropriate sentiments. (RT 992.)

The crimes for which appellant was sentenced in this case, while serious and reprehensible, do not warrant the punishment of the 25-years-to-life One Strike law sentence. An individual who commits a cold-blooded premeditated murder is subject to a 25-years-to-life sentence (section 190, subdivision (a)), while a defendant who commits a second degree murder in California receives a sentence of 15-years-to-life (section 190, subdivision (a)), much less than the sentence imposed upon appellant for his present offenses. By starker contrast, a defendant who is found to have engaged in repetitive sexual molestation of a child he resides with is exposed to a maximum determinate sentence of only 16 years in California. (section 288.5.)

While the two counts of rape and the sexual penetration of Jane Doe after kidnapping her certainly deserve significant punishment, no principled analysis can view appellant as a greater danger and menace to society than a murderer or a molesting pedophile. His culpability is more in line with a forcible rape offender, who is subject to an eight year aggravated term of imprisonment (Section 264, subdivision (a)), which together with the enhancement because of the victim in this case being blind (Section 667.9, subdivision (a)) would be a 9 year sentence, plus whatever other determinate terms that might be required to punish him for the other offenses he was convicted of. As stated in *Dillon*, a comparison of the challenged penalty with those proscribed in the same jurisdiction for more-

serious crimes . . . is particularly striking when a more serious crime is punished less severely than the offense in question . . . (*People v. Dillon, supra*, 34 Cal.3d at p. 487, fn. 38.)

This court should instruct the lower courts by finding appellant's sentence to be cruel and unusual.

## **CONCLUSION**

For the foregoing reasons, this petition for review should be granted.
Date: June 5, 2006

                         Respectfully submitted,

                         _____
                         H. STANLEY DEWEY
                         Attorney for Appellant

# EXHIBIT B

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT, DIVISION FIVE

**THE PEOPLE OF THE STATE OF CALIFORNIA,**

          Plaintiff and Respondent,       **A108457**

v.

**LAVARIUS JERMAINE McCORD,**

          Defendant and Appellant.

## APPELLANT'S OPENING BRIEF

Appeal from the Judgment of the Superior Court of California
County of Contra Costa, Case Number 032028-3

HONORABLE HARLAN G. GROSSMAN, JUDGE

                        H. STANLEY DEWEY
                        Attorney at Law
                        State Bar Number 107619

                        3150 Hilltop Mall Road
                        Richmond, California 94806
                        Telephone: (510) 970-7616

                        Attorney for Appellant
                        LAVARIUS JERMAINE McCORD

                        By Appointment of the Court of
                        Appeal Under the First
                        District Appellate Project's
                        Independent Case System

# TOPICAL INDEX

                                                         **Page**

TABLE OF AUTHORITIES            ii

STATEMENT OF THE CASE            1

STATEMENT OF FACTS            6

ARGUMENT

INTRODUCTION

I.    APPELLANT WAS DENIED DUE PROCESS UNDER THE FEDERAL CONSTITUTION WHEN THE TRIAL COURT FAILED TO GIVE HIS REQUESTED JURY INSTRUCTION PURSUANT TO CALJIC NO. 10.65 CONCERNING HIS DEFENSE OF REASONABLE GOOD FAITH BELIEF IN CONSENT

II.    SINCE THE COURT FAILED TO INSTRUCT THE JURY REGARDING ESSENTIAL ELEMENTS RELATING TO THE APPLICABILITY OF SECTION 667.61, APPELLANT S ONE STRIKE LIFE SENTENCE MUST BE STRICKEN

III.    THE ONE STRIKE SENTENCING FINDINGS UNDER PENAL CODE SECTION 667.61 SHOULD BE STRICKEN, SINCE THERE WAS INSUFFICIENT EVIDENCE THAT ANY MOVEMENT FROM THE KIDNAPPING SUBSTANTIALLY INCREASED THE RISK OF HARM TO JANE DOE

IV.    APPELLANT S 25-YEARS-TO-LIFE SENTENCE UNDER THE ONE STRIKE SENTENCING SCHEME VIOLATES FEDERAL AND STATE CONSTITUTIONAL PROHIBITS AGAINST CRUEL AND/OR UNUSUAL PUNISHMENT AND THEREFORE SHOULD BE REDUCED

V.      **APPELLANT S CONVICTION FOR FORCIBLE SEXUAL PENETRATION MUST BE REVERSED, SINCE THERE WAS INSUFFICIENT EVIDENCE OF DIGITAL PENETRATION OR THE REQUISITE SPECIFIC INTENT**

VI.     **WHEN VIEWED CUMULATIVELY, THE NUMEROUS ERRORS REQUIRE REVERSAL**

CONCLUSION

Case 3:07-cv-05217-CRB   Document 16   Filed 05/12/2008   Page 10 of 14

# EXHIBIT C

September 27, 2007
Thursday

Law Offices of Ivy McCray
PO Box 11186
Berkeley, CA 94712

Dear Ms. Ivy McCray,

First of all, I would like to apologize for my lapse of communication. It has been quite some time since our last communication with each other and I would like to be brought up to date of any and all developments with my case.

Ms. McCray, I did receive a copy of the Petition for writ of habeus corpus that you prepared for and submitted to the Contra Costa County Superior Courts. I'm not familiar with how long it takes the superior court to respond to our writ but please notify me of all of the happenings. Also,

your name and address was not properly put on the envelope that contained the habeus corpus writ. That error caused the petition to go through the same process as regular civilian correspondence. It took the writ a few weeks to reach me and all of my information was shared with the correctional officers here. Though you did write legal mail on the envelope there was no way for the mailroom here to verify that it was without your name.

In your letter of July 19, 2007 you wrote that you were working on the federal writ and that you aren't able to raise all of the claims as stated in a previous letter. I would appreciate if you would supply me with a list of the claims that you won't be able to raise. You also wrote that you, "would have a draft to me shortly." Though, I don't know

which claims you feel like you can't raise in the federal writ; I feel strongly about certain issues. I would at least like these issues mentioned in the federal writ whether there is no case law to support them or not.

Ms. McCray, I must conclude this letter now. It would be appreciated if you would supply me with all of the above requested information. Please let me know when you are able to make travel arrangement to see me.

I truly appreciate all of your time and help.

Respectfully,

Lavarius J. McCord
CDC# V62318
P.O. Box 5007
Calipatria, CA 92233