1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | JULIET B. HALEY
Deputy Attorney General
5 | JOAN KILLEEN
Deputy Attorney General
6 | State Bar No. 111679
   455 Golden Gate Avenue, Suite 11000
7 | San Francisco, CA 94102-3664
   Telephone: (415) 703-5968
8 | Fax: (415) 703-1234
   Email: Joan.Killeen@doj.ca.gov
9 | Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**LAVARIUS JERMAINE McCORD,**                C 07-5217 CRB

                    Petitioner,

     **v.**

**WARDEN OF CALIPATRIA STATE PRISON,**

                    Respondent.

**REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  JULIET B. HALEY
   Deputy Attorney General
5  JOAN KILLEEN
   Deputy Attorney General
6  State Bar No. 111679
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-3664
     Telephone: (415) 703-5968
8    Fax: (415) 703-1234
     Email: Joan.Killeen@doj.ca.gov
9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **LAVARIUS JERMAINE McCORD,**<br><br>　　　　　　　　　　　　Petitioner,<br><br>　v.<br><br>**WARDEN OF CALIPATRIA STATE PRISON,**<br><br>　　　　　　　　　　　　Respondent. | C 07-5217 CRB<br><br>**REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

On April 10, 2008, respondent filed a motion to dismiss the above-entitled petition for writ of habeas corpus for failure to exhaust state remedies. On May 12, 2008, petitioner, through his counsel, Ivy McCray, filed an opposition to respondent's motion to dismiss. Respondent submits this reply.

**MEMORANDUM OF POINTS AND AUTHORITIES**

For reasons of comity, a state prisoner must first exhaust his constitutional claims in state court before seeking habeas relief in the federal courts. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 518-519 (1982). In order to exhaust a claim, the defendant must "fairly present" the specific factual and legal bases for each claim to the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Thus, presenting a claim only to the California Court of Appeal is insufficient

to exhaust; it must be presented to the California Supreme Court. *James v. Giles*, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999); *Larche v. Simon*, 53 F.3d 1068, 1071-1072 (9th Cir. 1994).

Respondent argued that petitioner raised three claims in his petition that had not been exhausted. Resp.'s Mtn. to Dismiss at 3. These were (1) the trial court's instructions under Cal. Penal Code § 667.61 "were erroneous and void"; (2) "ineffective assistance of counsel/incompetence of counsel"; and (3) "denial of 1538.5 & 995 motions." Pet. at 24a.

Petitioner now argues that claim two was repetitive of other claims raised, and that, to the extent the claim lacked any supporting facts, such facts were unnecessary in light of the other claims. Pet.'s Opp. at 4-5  Although petitioner appears to dispute that the claim is unexhausted, he nevertheless suggests that the claim can be stricken if this Court finds it is unexhausted. Pet.'s Opp. at 5. Petitioner states that claim three is "exhausted by default," apparently because the claim was not raised in a timely fashion in the state courts. Pet.'s Opp. at 5-6.[1] Counsel for petitioner acknowledges the claim "would not survive federal review," but she deferred to petitioner's wish to include the claim. *Id*. Counsel also states the claim is not cognizable on federal review and asks that petitioner be allowed to amend the petition and dismiss the claim. Pet's. Opp. at 6.

As to claim one, petitioner asserts that he exhausted the claim in the state supreme court when he filed his Petition for Review. He is mistaken. Claim one states: "Instructions given to jury pursuant to PC 667.61(a)(d)(2) were erroneous and void." Pet. at 24a. The supporting facts state: "Exhibit 13 of Appendix is Brief arguments raised on 1st Appeal – incorporated by reference herein." Pet. at 24a. Exhibit 13 is an excerpt from petitioner's opening brief in the state court of appeal. *See* Exh. A to Resp.'s Mtn. to Dismiss. In that brief, petitioner raised two distinct claims. Claim two was titled: "Since the court failed to instruct the jury regarding essential elements relating to the applicability of section 667.61, appellant's 'one strike' life sentence must be stricken." Exh. A at 42. That claim challenged the trial court's jury instructions. Exh. A at 42-52;

---

1. In fact, as explained in respondent's motion to dismiss, the claim was not raised at all in the state courts. Petitioner made no effort to exhaust the claim in state court or obtain a ruling that the claim was defaulted.

*see* Exh. B at 17-20. Claim four in petitioner's opening brief on appeal was titled: "Appellant's 25-years-to-life sentence under the 'one strike' sentencing scheme violates federal and state constitutional prohibitions against cruel and/or unusual punishment and should therefore be reduced." Exh. A at 56. That claim challenged the sentence imposed on petitioner under California Penal Code section 667.61 as cruel and unusual. It did not address the jury instructions in any way; rather, petitioner argued the statutory scheme was unconstitutional. Exh. A at 56-64. In his Petition for Review in the California Supreme Court, petitioner raised the substance of claim four, regarding his sentence under section 667.61. Exh. E at 21-25. He did not raise the substance of claim two, regarding the trial court's alleged failure to properly instruct on section 667.61. Exh. E. Petitioner also did not raise the substance of claim two in any of his state petitions for writ of habeas corpus. *See* Resp.'s Mtn. to Dismiss at 3.

In his opposition to the motion to dismiss, petitioner argues that he exhausted claim one because his contention before the state supreme court that his sentence was cruel and unusual somehow included the claim of instructional error, although he does not explain his argument in any detail. Pet.'s Opp. at 2-3.[2/] Yet as a review of the record shows, petitioner raised two distinct claims alleging distinct substantive violations, only one of which was presented to the state supreme court.

The claim of instructional error was not presented to the state supreme court and thus remains unexhausted.[3/] *Duncan v. Henry*, 513 U.S. at 365 (defendant must "fairly present" the specific factual and legal bases for each claim to the state's highest court). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). To exhaust a claim, the petitioner must have presented his federal constitutional issue

---

2. Petitioner's counsel suggests petitioner may have been referring to the claim raised before the state supreme court, but petitioner's own words refer specifically to Exhibit 13, meaning the brief he filed in the court of appeal, and he specifically states the "instructions" were erroneous, not his sentence. *See* Pet. at 24a.

3. Petitioner has not argued in his federal petition that his sentence constitutes cruel and unusual punishment.

Reply To Petitioner's Opposition To Motion To Dismiss Petition For Writ Of Habeas Corpus - C 07-5217 CRB

3

1 before the appropriate state court "within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005); *see Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1202 (9th Cir. 2005) (because petitioner did not present her federal constitutional claim to the Alaska Supreme Court, "it does not matter what she did in the Alaska Court of Appeals").

Since petitioner acknowledges that at least one and possibly two claims are either unexhausted or not cognizable, he admits that he has filed a mixed petition. Respondent submits that all three claims at issue are unexhausted. Accordingly, the petition should be dismissed. 28 U.S.C. § 2254(b). Alternatively, petitioner may amend his petition to delete all three of the unexhausted claims.

## CONCLUSION

For the reasons stated, respondent respectfully asks that the petition for writ of habeas corpus be dismissed for failure to exhaust state remedies. Alternatively, petitioner may amend his petition to delete all three of the unexhausted claims.

Dated: May 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

JULIET B. HALEY
Deputy Attorney General


/s/ Joan Killeen
JOAN KILLEEN
Deputy Attorney General

Attorneys for Respondent

Reply To Petitioner's Opposition To Motion To Dismiss Petition For Writ Of Habeas Corpus - C 07-5217 CRB

4